UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT LEE LATHROP,

        Petitioner,

    v.　　　　　　　　　　　　　　　　　　　　　　20-CV-1608-LJV
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER
WILLIAM KEYSER, JR., *Superintendent*
*of Sullivan Correctional Facility*,

        Respondent.

       The *pro se* petitioner, Robert Lee Lathrop, is a prisoner incarcerated at the Sullivan Correctional Facility who submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Docket Item 1. As he alleges in more detail in the petition, Lathrop claims that he was convicted in New York State Supreme Court, Monroe County, in violation of his constitutional rights. *Id.* The respondent has not yet answered the petition.

       Lathrop has moved to stay his petition and hold it in abeyance while he exhausts in state court—through a motion under New York CPLR § 440.10 ("440.10 motion")—his remedies "in regard to his mental health case load/file and prescribed prescription medications that he consumed prior to and during his confinement . . . which is also the foundation for his 'Ineffective Assistance of Counsel' ground in his existing federal habeas corpus petition." Docket Item 7 at 1-2.

       For the reasons explained below, Lathrop's motion for a stay is denied without prejudice. But he may file another a motion for a stay and abeyance within 30 days of the date he receives this order if he can demonstrate that (1) there is "good cause" for

his failure to exhaust his remedies in state court with respect to the claims he wishes to pursue in the 440.10 motion; (2) the unexhausted claims are not "plainly meritless," see *Rhines v. Weber*, 544 U.S. 269, 278 (2005); and (3) if the unexhausted claims are new claims, that they "relate back" to the claims originally pled in this petition, see *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

## DISCUSSION

Generally, when a habeas corpus petition includes both exhausted and unexhausted claims (a "mixed petition"), the petition should be dismissed so that the state courts have an opportunity to decide the unexhausted issues. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). But when certain requirements are met, a district court can stay a mixed petition and hold it in abeyance so that the petitioner may return to state court and exhaust the unexhausted claims raised in the petition. *Rhines*, 544 U.S. at 278. Specifically, a district court may stay a mixed petition when a petitioner shows that (1) there was "good cause" for his failure to exhaust his claims in state court before bringing the federal habeas corpus petition, (2) the unexhausted claims he is pursuing in state court are not "plainly meritless," and (3) he did not engage in any dilatory litigation tactics. *Id.*

Lathrop has not established any of the *Rhines* factors listed above. Instead, he simply asks the Court to stay the petition so he can file a post-conviction motion in state court addressing certain mental health issues that supposedly bear on his claim of ineffective assistance of counsel raised "in his existing federal habeas corpus petition." Docket Item 7 at 1-2. That provides next to no guidance as to good cause, merit, or delay.

It is not clear to the Court whether the claims Lathrop seeks to exhaust in his proposed 440.10 motion are new unexhausted claims not raised in his petition or whether they are unexhausted claims that have been raised.[1] Lathrop's motion for a stay also does not explain why he previously did not exhaust the claims he now wishes to pursue in the 440.10 motion; he therefore does not provide "good cause" for his failure to exhaust his claims in state court before bringing his habeas petition. *See Rhines*, 544 U.S. at 278. And he has not provided any information about whether the claims are "potentially meritorious." *See id.*

Moreover, if the claims that Lathrop is seeking to exhaust in his 440.10 motion indeed are new, he must explain why those new claims are not barred by the one-year statute of limitations under 20 U.S.C. § 2244(d)(1). That is, Lathrop must explain whether the new claims are timely because they "relate back" to the claims pled in this petition.[2] *See* Fed. R. Civ. P. 15(a); *Mayle*, 545 U.S. at 650 ("An amended habeas

---

[1] Lathrop describes the claims he seeks to exhaust as "the foundation of" his ineffective assistance of counsel claim. Docket Item 7 at 1-2. Because the habeas corpus petition describes Lathrop's ineffective assistance of counsel claim as exhausted, *see* Docket Item 1 at 21, it is not clear to the Court whether Lathrop seeks to exhaust a new claim or whether the petition before the Court is a mixed petition.

If the claims that Lathrop seeks to exhaust in his 440.10 motion are new claims that were not raised in the petition, the petition before the Court is not a mixed petition, *Rose*, 455 U.S. at 518, and the Court has no discretion to stay it and hold it in abeyance. *See Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). If the claims Lathrop seeks to exhaust are new and he wishes to add them to the petition, Lathrop must, in addition to filing a renewed motion for a stay-and-abeyance, file an amended petition that includes both the claims raised in the petition and the new claims. The amended petition also must indicate whether the claims raised are exhausted or unexhausted and, if unexhausted, the status of any state court proceedings.

[2] "Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings 'arise out of the

3

petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that Lathrop's motion for a stay and abeyance, Docket Item 7, is denied without prejudice; and it is further

ORDERED that no later than **30 days** after Lathrop's receipt of this order, Lathrop may refile such a motion if he can show that (1) there is good cause for his failure to exhaust the claims he is pursuing in state court, (2) the claims relate back to the claims originally pled in the petition, and (3) the claims are not plainly meritless; and it is further

ORDERED that the respondent shall have 30 days upon receipt of the renewed motion for a stay-and-abeyance, if any, to file a response to the motion; and it is further

ORDERED that Lathrop shall have 14 days from his receipt of any response to reply; and it is further

ORDERED that if the claims Lathrop wishes to pursue are new claims not raised in the petition now before this Court but which Lathrop plans to add to the petition, Lathrop also must file a proposed amended petition along with the renewed motion for a

---

[same] conduct, transaction, or occurrence.'" *Mayle*, 545 U.S. at 655 (citing Fed. R. Civ. P. 15(c)(2) (internal mark omitted)).

stay and abeyance that includes the claims raised in this petition and the new claims that the petitioner would like to add; and it is further

ORDERED that the respondent need not answer the petition for habeas corpus until further order of the Court; and it is further

ORDERED that the Clerk of the Court shall send Lathrop a copy of this order; a copy of his original petition, Docket Item 1; and a form for filing a Petition for Habeas Corpus Relief Under 28 U.S.C. § 2254 for his use in filing a proposed amended petition.

**THE PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

Dated:    February 16, 2021
          Buffalo, New York

　　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　  LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　  UNITED STATES DISTRICT JUDGE