UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT LEE LATHROP,

               Petitioner,

  -vs-                                           20-CV-1608-LJV(HKS)

WILLIAM KEYSER, JR.,

               Respondent.
_____

## DECISION AND ORDER

This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters and to hear and report on dispositive motions. Dkt. No. 19. Petitioner Robert Lee Lathrop ("Petitioner"), an inmate of the New York State Department of Corrections and Community Supervision, challenges the constitutionality of his conviction by guilty plea in Monroe County Supreme Court to one count of felony murder in the second degree (N.Y. Penal L. § 125.25). Dkt. No. 13, p. 1. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Currently before the Court are Petitioner's *pro se* motions to stay or hold in abeyance his habeas proceeding to allow him to amend his petition to include an unexhausted claim of ineffective assistance of counsel. Petitioner contends that his counsel failed to investigate his serious mental health issues as a potential defense or basis for a more favorable guilty plea or for Youthful Offender status. Dkt. No. 10, 11. Plaintiff filed an Amended Petition including this unexhausted claim (Dkt. 17) and has

1

already filed his New York C.P.L. § 440 motion squarely raising this claim in the state court. Dkt. No. 11, p. 1 (referring to his "already filed 440.10 motion"). For the following reasons, Petitioner's motions seeking to stay this habeas proceeding (Dkt. No. 10, 11) are GRANTED.

## DISCUSSION

A person seeking habeas relief from his state court conviction in the federal courts must file his petition within the one-year statute of limitations. 28 U.S.C. § 2244(d). Only where "the applicant has exhausted the remedies available in the courts of the State" may the district court grant an application for writ of habeas corpus. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). In other words, a federal habeas petition challenging a state court conviction must be timely filed and fully exhausted before a federal court can exercise jurisdiction over the substantive claims raised therein.

In *Rhines*, the United States Supreme Court clarified how district courts should handle "mixed" habeas petitions, those that contain both exhausted and unexhausted claims. Where a petitioner can show that there is "good cause" for his failure to exhaust his claims in state court and that his "new" claims are not "plainly meritless," the district court may stay the habeas proceedings and dismiss, without prejudice, the unexhausted claims. This allows the petitioner to present to the state court his "new" claims and then return to the district court to reinstate them. *Rhines*, 544 U.S. at 277; *see also Faden v. Annetts*, NO. 05 CIV.1850(DF), 2005 WL 1765714, at *1 (S.D.N.Y. July 26, 2005).

Assuming a petitioner complies with the conditions for the stay (by timely filing exhaustion proceedings and returning to the district court after his exhaustion proceedings are complete in the state court), the district court may, if appropriate, treat the "new" claims as if they were presented at the time of the original petition for statute of limitations purposes.  See Zarvela v. Artuz, 254 F.3d 374, 381-82 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 536 U.S. 925 (2001).

An abeyance such as this is only available in habeas proceedings involving "mixed petitions."  Compare Rhines, 544 U.S. at 277; see also Zarvela, 254 F.3d at 377 ("We conclude that a district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition."); Clancy v. Phillips, 04CV4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, see Rhines, the Court declines to do so here.  The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted).

Respondent argues that Petitioner already raised on appeal the issue that his counsel was ineffective in failing, as a general matter, to investigate his mental health, and therefore, this "new" claim is actually exhausted.  Dkt. No. 13.  Respondent contends that because the Amended Petition contains only exhausted claims, it is not a "mixed" petition which can be stayed or held in abeyance.  Dkt. No. 6.  This Court does

not agree and finds that Petitioner's "new" claim, which is supported by recently revealed evidence relating to his mental health treatment, is different from his original ineffective claim in that it specifically challenges counsel's failure to use the records to pursue a more favorable plea or Youthful Offender status.  It bears noting here that Petitioner was only 16 at the time of his crime.  *See* "Rochester teen charged with murder in death of Gates man" at https://www.monroecopost.com/article/20120229/NEWS/302299949 (last visited 9/29/2021).

Petitioner asserts that he did not have all of the documentary evidence underlying his "new" claim until after he filed his original Petition.  The records demonstrate that his mental health issues were serious enough to warrant heavy medication.  In this regard, it is possible that if counsel had these medical records during the pendency of Petitioner's case, the outcome could have been different.  This satisfies both the good cause and potential merit requirements for a stay and abeyance.  Lastly, there is nothing to suggest that Petitioner is attempting to delay this habeas proceeding.  Petitioner commenced this case in November of 2020, less than one year ago, and has already filed his 440 motion in state court seeking to exhaust his "new" claim so his habeas case can proceed.

This Court also finds that Petitioner has demonstrated that his "new" claim "relates back" to the ineffective claim pled in the original petition, i.e., that the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set forth

4

or attempted to be set forth in the original pleading." *Mayle v. Felix*, 545 U.S. 644, 650, 656 (2005) (stating that "[a]n amended habeas petition … does not relate back (and thereby avoid AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading").  Specifically, in his Amended Petition, Petitioner alleges that counsel was ineffective in failing to present proof of his mental health problems to get a more favorable resolution of his case, or Youthful Offender status.  This clearly relates to Petitioner's original claim that counsel was ineffective in failing to get his mental health records in the first place.

Accordingly, Petitioner's Motions to Stay this habeas proceeding (Dkt. No. 10, 11) are GRANTED.

IT IS HEREBY ORDERED that Petitioner must return to this Court within **30 days** of the completion of his state court proceedings by filing in this Court a motion to vacate the stay.   If these conditions are not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered.

FURTHER, within **30 days** of vacatur of the stay, Respondent shall file an answer to the Amended Petition (Dkt. No. 17).

FURTHER, the Clerk of the Court is directed to forward to Petitioner a copy of this Decision and Order.

**SO ORDERED.**

DATED:  Buffalo, New York
        September 30, 2021

                                            _s/ H. Kenneth Schroeder_
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**